```
UNITED STATES DISTRICT COURT
   DISTRICT OF CONNECTICUT
```

```
ANTHONY SAIA                    :
     Plaintiff,                 :
                                :          PRISONER
V.                              :  CASE NO. 3:10-CV-624(RNC)
LIEUTENANT WILLIAMS, ET AL.,    :
     Defendants                 :
```

## INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action against personnel of the Connecticut Department of Correction. Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss any part of it that is frivolous or fails to state a claim on which relief can be granted. It appears that plaintiff may be subject to the three-strikes provision of 21 U.S.C. § 1915(g), and some of the claims in the complaint may be legally insufficient. However, in this case, these concerns can be better addressed after the complaint is served and the defendants have an opportunity to respond. Accordingly, I conclude that the complaint should be served on all the defendants except defendant Yother, whose name does not appear in the body of the complaint.

In accordance with the foregoing, the Court enters the following orders:

(1) All claims against defendant Yother are dismissed for failure to state a claim on which relief may be granted.

(2) The case will proceed against defendants Williams, Leva, Dowd, White, Daly and Crelan in their individual capacities and against defendants Wright and McGill in both their official and individual capacities.

(3) Within seven (7) days of this Order, the Pro Se Prisoner Litigation Office will obtain from the Department of Correction Office of Legal Affairs the current work address for each of the remaining defendants and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35) day after mailing, the Pro Se Office shall report to the court on the status of those waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Pro Se Prisoner Litigation Office will prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshal is directed to effect service of the complaint and a copy of the motion for injunctive relief (doc. 3) on defendants McGill and Wright in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file returns of service within twenty-one (21)

days from the date of this order.

(5) The Pro Se Prisoner Litigation Office will send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(6) The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this order.

(7) Defendants sued in their individual capacities shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.

(8) In their official capacities, defendants McGill and Wright will file a response to the complaint and motion for preliminary injunction within twenty-one (21) days from the date they are served.

(8) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, will be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(9) All motions for summary judgment will be filed within eight months (240 days) from the date of this order.

(10) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted

absent objection.

So ordered this <u>30th</u> day of <u>July</u> 2010.

<u>     /s/RNC     </u><br>
Robert N. Chatigny<br>
United States District Judge