UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY SAIA,                        :
    Plaintiff,                       :
V.                                   :  CASE NO. 3:10-CV-624(RNC)
LIEUTENANT WILLIAMS, ET AL.,         :
    Defendants.                      :

## RULING AND ORDER

Plaintiff, a Connecticut inmate incarcerated at Northern Correctional Institution, brings this action pro se and in forma pauperis ("IFP") under 42 U.S.C. § 1983 against officials of the Department of Correction. Defendants have moved to vacate the order permitting the plaintiff to proceed IFP on the basis that he is subject to the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and has not alleged he is in imminent danger of serious physical injury. The plaintiff has not responded to the motion to vacate the IFP order. For the reasons that follow, the motion is granted.

Under § 1915(g), a prisoner is not entitled to proceed IFP if he has on three or more prior occasions brought an action or appeal that was dismissed as frivolous, malicious or not stating a claim, unless he is under "imminent danger of serious physical injury." The imminent danger exception to the three strikes rule provides a safety valve permitting an indigent prisoner to proceed IFP in order to obtain a judicial remedy for an imminent

danger.  Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009).
Therefore, to proceed IFP, the three-strikes litigant must allege an imminent danger that is fairly traceable to the unlawful conduct at issue and redressable through judicial relief.  Id. at 298-99.  In determining whether a pro se complaint satisfies these requirements, the allegations must be accepted as true and liberally construed to raise the strongest arguments they suggest.  See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

The defendants state that the plaintiff has at least three strikes, including Saia v. Grady, No. 02-180 (2d Cir., dismissed 1/28/03); Saia v. DuBois, No. 1:95-CV-10557 (MLW) (D. Mass, dismissed 5/26/95); and Saia v. McGuane, No. 2:89-CV-268 (PCD) (D. Conn., dismissed 4/27/89).  Numerous other cases brought by the plaintiff have been dismissed.  See Saia v. Locario, No. 2:88-CV-194 (EBB) (D. Conn. Apr. 6, 1988) (noting that plaintiff has filed over eighteen cases, most of which have been dismissed as frivolous or ultimately found to be meritless).  Accordingly, I find that the plaintiff has accumulated at least three strikes.

Plaintiff's complaint, filed in April 2010, contains detailed allegations regarding wrongful acts and omissions by DOC personnel in September 2008, including use of excessive force, denial of due process, and violation of a right of privacy. These allegations of past wrongs do not show an imminent danger

2

existed when this action was brought.  See Pettus, 554 F.3d at 296 (risk of serious physical harm must exist at the time the complaint is filed); Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2000)(past harm does not provide basis for avoiding three-strikes rule).

The complaint next alleges that the plaintiff "suffered a heart problem in 2007 and had an operation and is suppose[d] to be given an MRI and follow up but the state has not done this." A risk of serious physical harm fairly traceable to denial of medical treatment in violation of the Eighth Amendment can satisfy the imminent danger exception.  Plaintiff's allegations, liberally construed in his favor, do not satisfy this standard because they do not support an inference that the failure to provide him with an MRI and follow-up care created an imminent danger of serious harm at the time this action was brought.  See Chavis, 618 F.3d at 170 (court must draw most favorable inferences complaint supports but cannot invent factual allegations that have not been pled).  See also Partee v. Connolly, No. 08 Civ. 4007 (NRB), 2009 WL 1788375, at *3 (S.D.N.Y. June 23, 2009)(conclusory allegation that plaintiff faced life-threatening complications as a result of delay in treatment for chronic dental problems insufficient).

The complaint next alleges that the plaintiff qualifies as a person with a disability under the Americans with Disabilities

Act.  In this regard, the complaint alleges that the plaintiff has a degenerative condition affecting his motor skills, suffers from vertigo and is legally blind.  There is no allegation that the plaintiff faces a risk of physical harm associated with these conditions as a result of any wrongful conduct on the part of the defendants.

Finally, the complaint alleges that the plaintiff has been denied access to a typewriter in violation of his federal rights.  He states that his degenerative condition renders him incapable of writing a legible sentence and that he needs a typewriter to be able to file grievances and lawsuits.  There is no allegation that the lack of a typewriter creates a risk of serious physical harm.

In sum, after careful review of the complaint, I agree with the defendants' argument that the imminent danger exception is not applicable.  The motion to vacate (doc. 20) is therefore granted.  If plaintiff still wishes to proceed with this action, he must pay the required filing fee of $350, on or before May 1, 2011.  Unless he does so, a judgment will enter dismissing the action without prejudice.

So ordered this 31st day of March 2011.

/s/
Robert N. Chatigny
United States District Judge